## BITTICK v. CITY OF EL PASO.   (No. 1406.)*

(Court of Civil Appeals of Texas.  El Paso. Jan. 25, 1923.  Rehearing Denied Feb. 15, 1923.)

1. **Municipal corporations** ⚌230 — **Parties dealing with city are bound to know extent of powers of its officers.**

Parties dealing with a municipal corporation are bound to know the extent of the powers lawfully confided to the officers with whom they are dealing in behalf of such corporation, and they must guide their conduct accordingly.

2. **Municipal corporations** ⚌247 — **Agreement between city council and person advancing money for jitney licenses for refund on surrender held void.**

Where a city ordinance relating to jitney licenses contained no provision for the surrender of licenses and a refund of the unearned portions thereof, and neither the ordinance nor the charter gave the members of the city council the power to make any agreement in such respect, an agreement between the council and one who had advanced money to those who wished to procure jitney licenses, that on the surrender of such licenses the unused portion thereof less a certain part was to be refunded, was beyond the powers of the members of the council, and unenforceable as against the city.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by A. W. Bittick against the City of El Paso. A general demurrer to the petition was sustained, and plaintiff appeals. Affirmed.

Whitaker & Peticolas, of El Paso, for appellant.

Victor C. Moore, City Atty., and Royall G. Smith, Asst. City Atty., both of El Paso, for appellee.

HARPER, C. J. This is a suit to recover from the city of El Paso the unused portion of a large number of jitney licenses.

Appellant filed his original petition in the case January 16, 1919. It contained two counts: First, that there was, prior to January 1, 1917, an ordinance of the city, duly enacted and in force, requiring all persons desiring to operate a jitney bus for said year, to pay $50 in advance and obtain a license, etc. That section 15 thereof provided that persons holding a license could surrender it and have it canceled and the city to return the unexpired portion of the money. The second charged that, December 20, 1916, acting for himself and as agent for the parties, he made a written proposition to appellee which was accepted by the members of the city council, to the effect that if plaintiff would pay the $50 license required by the ordinance that the council, upon surrender thereof any time during 1917, would refund the unexpired portion thereof.

Appellee having accepted the statement of appellant in his brief of the nature of his cause of action as set out in first-amended petition, we copy it as follows:

"By his first-amended petition, A. W. Bittick alleged: That about the 28th day of May, 1915, the city of El Paso passed an ordinance providing for the licensing of motorbusses within the city limits of the city of El Paso. That the license fee fixed by the ordinance was $50 per year for each motorbus, payable in advance. That it was provided that if the license was issued subsequent to the 1st day of January, of any year, that the applicant should pay an amount proportioned to the unexpired portion of the year. That it provided for a bond to be given by the applicant and 'that any person holding a license to operate a public automobile in the city of El Paso, at the time the ordinance takes effect, might surrender the same and should thereupon be entitled to credit of the value of the unexpired portion of same, prorated according to the unexpired portion of the year for which the license fee had been paid.'

"That plaintiff was engaged in the business of procuring and furnishing bonds for said applicants; and that it became necessary for him to furnish the applicants with the money with which to pay said license fees. That during the years 1915 and 1916, he in many instances furnished such money, and the applicants transferred to plaintiff their cause of action and rights against the city of El Paso. That during the years aforesaid the city officials construed said ordinance as entitling the holder of a license for a motorbus to cancel the same whenever he ceased to operate his automobile, and to recover from the city the prorated portion of said license fee covering the unexpired period. That in many instances during said years licenses transferred to plaintiff had been canceled, the city had conceded his right to the unexpired portion of said money, and had paid the sum to him. That about the month of December, 1916, the city of El Paso passed a res-

olution wherein it was decided not to refund any money paid to the city for such licenses except where the license was canceled by the city of El Paso. That thereupon plaintiff notified the city council in writing that said resolution would work a hardship on the men engaged in the jitney business, and suggested and asked that the city adopt a practice by which the license be paid for in full at the time it was purchased, and in case the holder canceled, that he should be refunded the unused portion, less the cost of the licenses for one quarter year; that is to say, that for the privilege of canceling, the applicant be required to forfeit at least one-fourth of the license. That the city of El Paso, thru its mayor and councilmen, though not by ordinance or resolution, accepted said proposition and promised and agreed with the plaintiff and others interested that, commencing January 1, 1917, it would adopt the practice suggested, and that such licenses might be so canceled and the city would refund the money, less at least the sum of $12.50.

"That, relying upon said agreement, plaintiff, during the year 1917, furnished the money to purchase a large number of licenses and in each instance paid to the city the sum of $50 or the proportionate part thereof, where the license was taken out after the first of the year. That in each instance the holder of the license transferred to the plaintiff all of his rights, causes of action, and demand against the city, for the recovery of the unearned portion of the license; that a large number of persons ceased to operate their automobiles and canceled the same. Plaintiff attached an itemized list of these persons, showing the money paid, the date of purchase, the date of surrender and cancellation, and the amount of the unearned portion thereof. That but for the promises and agreements of the city, plaintiff would not have advanced said moneys. That the amount of moneys paid to the city, which by reason of the cancellation of licenses and cessation of operation of automobiles, covers the unexpired portion of said licenses and is due to plaintiff, is $4,725.06, and the plaintiff alleged that the foregoing facts estopped the city to deny the authority of its officials to make said agreement and estopped it to retain said money.

"The city presented in its first-amended answer a general exception and special exceptions. The court sustained the general exception but declined to pass upon the special exceptions, whereupon the plaintiff in open court declined to amend, and his case was dismissed; from which ruling the plaintiff excepted and in open court gave notice of appeal, and on April 13th filed a cost bond, and so brings the case to this court for revision and correction."

"Assignments of Error.

"First Assignment of Error.—The trial court erred in sustaining the defendant's general exception to plaintiff's first-amended original petition, for the reason that said petition stated a sufficient cause of action against the defendant which would have entitled plaintiff to recover.

"Second Assignment of Error.—The trial court erred in dismissing plaintiff's suit, although plaintiff refused to further amend his first-amended petition, because said petition stated a cause of action against the defendant, which, if allowed, entitled him to recover."

The propositions of law urged under above assignments, when applied to the pleadings, may be condensed into the following: The city of El Paso having by its council promised Bittick to cancel licenses and return the unearned portion and thereby obtained from him a large sum of money, it is estopped from denying a recovery in this case, since it was acting in its proprietary capacity, as distinguished from its governmental capacity.

The ordinance pleaded (copy attached to the petition), contains no provision for the surrender of licenses and a refund of the unearned portion of the $50. Our attention has not been drawn to any provision of the city charter or ordinance duly enacted, giving the members of the council the power to make any agreement of this nature.

[1, 2] Parties dealing with a municipal corporation are bound to know the extent of the powers lawfully confided to the officers with whom they are dealing in behalf of such corporation, and they must guide their conduct accordingly; as a result we hold that the agreement charged was not a valid one binding the city of El Paso.

It is contended, however, that by the payment of the moneys into the city treasury pursuant to the provisions of the agreement it is estopped to deny the validity of its promise to refund. The money was paid into the city pursuant to a valid and operating ordinance, because, without its payment, the different parties for whom paid could not operate a motorbus, and the only suggestion of equitable right is that, but for the promise to refund unearned portions of the various license fees, the city would not have received the amounts sued for, but the right to have the money was clearly with the city, if the persons named were to be permitted to run their jitneys. The several amounts were paid voluntarily, and under the ordinance, the provisions of which are invoked by the city, the plaintiff had no right to rely upon any informal verbal promise to return made by the city council as set up by this petition.

Appellee filed, and, by its brief, is urging here certain cross-assignments of error; all but one are propositions of law based upon the act of the court in refusing to sustain certain special exceptions. They are sustained by the observations next above.

The other is that the petition as amended set up a new cause of action and is now barred by the two years' statute of limitation. We are of the opinion that there is no material difference in the allegations of the two petitions.

Believing that the trial court was correct in sustaining the general demurrer, the case is affirmed.